Connie WINELAND (IA), Maria Ward (MO), Rose Mose (IL), Tammy McKinnis (KS), Lisa Smith (IN), April Hicks (NE), and Teresa Arenas (SD), Individually and on behalf of all others Similarly Situated, Plaintiffs,

v.

CASEY'S GENERAL STORES, INC., Defendant.

No. 4:08–cv–00020.

United States District Court, S.D. Iowa, Central Division.

May 22, 2008.

Jonathan W. Cuneo, Jon A. Tostrud, R. Brent Walton, Matthew Wiener, Cuneo Gilbert & Laduca LLP, Washington, DC, J. Barton Goplerud, Hudson Mallaney & Shindler PC, West Des Moines, IA, Scott H. Peters, Peters Law Firm PC, Council Bluffs, IA, Ryan F. Stephan, James B. Zouras, Stephan Zouras, LLP, Chicago, IL, for Plaintiffs.

Jason Michael Craig, Nathan John Overberg, Edward W. Remsburg, Randall H. Stefani, Amanda G. Wachuta, Ahlers & Cooney PC, Des Moines, IA, Jeffrey D. Hanslick, Kimberly A. Jones, Husch Blackwell Sanders LLP, Kansas City, MO, for Defendant.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is Defendant, Casey's General Stores, Inc.'s ("Defendant") Motion to Dismiss. Clerk's No. 9. Plaintiffs

filed a resistance to the Motion (Clerk's No. 29) and Defendant replied. Clerk's No. 30. The matter is fully submitted.

## I. FACTUAL BACKGROUND

Plaintiffs filed a twelve-count Collective and Class Action Complaint in the above-captioned action on January 1, 2008. Clerk's No. 1. In essence, Plaintiffs allege that they were all employed by Defendant as cooks and/or cashiers during the three-year period immediately prior to date the Complaint was filed. Plaintiffs allege that they were normally scheduled to work approximately 35–40 hours per week, but that they regularly worked in excess of 40 hours per week performing various tasks. Compl. ¶ 17. Plaintiffs claim that Defendant failed to accurately record their actual hours worked, denied them mandatory meal and rest breaks, encouraged them to perform overtime work "off-the-clock," and failed to properly pay them for all hours actually worked, as required by the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and as required by various state wage laws. *Id.* ¶¶ 19–22. Plaintiffs assert that they were "all subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of minimum wage, and regular and overtime compensation," and that they suffered lost wages or other damages as a result of "Defendant's improper and willful failure to pay its cooks and/or cashiers in accordance with the requirements of the FLSA and state wage and hour laws." *Id.* ¶ 23. Specifically, Plaintiffs Complaint alleges violations of: 1) the FLSA; 2) Iowa Minimum Wage Requirements; 3) Illinois Minimum Wage and Overtime Requirements; 4) Illinois Wage Payment and Collection Act; 5) Illinois Rest and Meal Break Requirements; 6) Indiana Minimum Wage and Overtime Requirements; 7) Kansas Minimum Wage and Overtime Requirements; 8) Kansas Record Keeping Requirements; 9) Missouri Minimum Wage and Overtime Requirements; 10) Missouri Record Keeping Requirements; 11) Nebraska Minimum Wage Requirements; and 12) South Dakota Minimum Wage Requirements.

## II. STANDARD OF REVIEW

In the present motion, Defendant contends that Plaintiffs' claims in Counts II, III, IX, XI, and XII must be dismissed on the basis that the claims are preempted by the FLSA. Defendant further asserts that Counts V, VI, VII, VIII, and X must be dismissed for failure to state a claim upon which relief may be granted. In addressing a motion to dismiss under Rule 12(b)(6), this Court must follow the standard of review articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* — U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court determined that the standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief[,]" has "earned its retirement." *Twombly,* 127 S.Ct. at 1968, 1969. The Supreme Court held that a viable complaint must now include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." *Id.* at 1965. The new standard is not a "heightened fact pleading" requirement, but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965, 1974.

Under *Twombly,* as was the case under *Conley,* the complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed

simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *See id.* at 1964–65; *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir.1997). Moreover, when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true, even if doubtful. *See Twombly,* 127 S.Ct. at 1965; *see also Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Thus, a well-pled complaint may proceed even if it appears "that recovery is very remote and unlikely." *Twombly,* 127 S.Ct. at 1965 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 191, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

## III. LAW AND ANALYSIS

### A. *FLSA Preemption*

■ Defendant urges that Counts II, III, IX, XI, and XII must be dismissed because the class action claims alleged in those Counts are preempted by the FLSA. It is well settled that "state law that conflicts with federal law is 'without effect'" under the doctrine of preemption. *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). The doctrine is founded in the Supremacy Clause of the United States Constitution, which provides that the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land." U.S. Const. Art. VI, cl. 2.

■ There are three general categories of preemption: 1) express preemption, where "Congress define[s] explicitly the extent to which its enactments preempt state law"; 2) field preemption, where Congress' regulatory scheme is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it" or where an Act of Con-

gress "touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject"; and 3) conflict preemption, where state and federal law directly conflict, making it "impossible for a private party to comply with both state and federal requirements" or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English v. Gen. Elec. Co.,* 496 U.S. 72, 78–79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990) (citations omitted); *see also CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 663, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993) ("Where a state statute conflicts with, or frustrates, federal law, the former must give way."); *Nordgren v. Burlington N. R.R. Co.,* 101 F.3d 1246, 1248 (8th Cir.1996). In the present case, Defendant asserts conflict preemption and specifically argues that permitting state class action minimum wage and overtime claims to proceed in the same action as FLSA claims "frustrates, and stands as an obstacle to, Congress' intent in amending the FLSA in 1947 to allow only opt-in collective litigation." Def.'s Br. at 4. Indeed, Defendant argues that the state statutes relied upon by Plaintiffs "protect the very same rights as the FLSA ..., provide the very same remedies as the FLSA, but do not restrict claims to opt-in collective actions. They thus allow plaintiffs to circumvent the opt-in requirement of the FLSA, and thereby frustrate the purpose of Congress in enacting the 1947 amendments...." Def.'s Br. at 5–6.

After reviewing the parties' pleadings on the matter, it is clear that Defendant's argument targets the Complaint *as the Complaint is drafted.* Indeed, Defendant points out that it is "not requesting that this Court make a determination that the state wage collection statutes are preempted by the FLSA," but rather is basing its

Motion to Dismiss on the basis of preemption "on the claims actually pled by Plaintiffs in their Complaint, not new wage claims asserted for the first time in Plaintiffs' Resistance." Def.'s Reply Br. at 3–4. Certainly, Defendant's approach in this regard is reasonable. It is clear, however, that Defendant's efforts are, in fact, an attempt to take advantage of a problem in Plaintiffs' drafting of the Complaint—indeed, this same problem has plagued, and continues to plague,[1] the proceedings in the companion case of *Jones v. Casey's General Stores, Inc.,* Case No. 4:07–cv–400. Plaintiffs have insisted to the Court, both in the *Jones* litigation and in the present proceedings, that they do not intend to raise claims for violation of minimum wage laws. While not entirely clear, it also appears that Plaintiffs are not attempting to raise claims for failure to pay overtime compensation under the state laws.[2] Rather, it is the Court's tentative understanding that Plaintiffs are only attempting to assert claims under the various state laws for failure to pay wages (not "minimum wages" or "overtime wages") for all hours worked.

 The source of the confusion, then, is the wording of, and the statutory authority cited in, Plaintiffs' Complaint. Plaintiffs allege in Count II that Defendant violated "Iowa Minimum Wage Requirements," arising under "Title III–2–91D et seq." Compl. ¶¶ 52–57. Given the Court's understanding of the case, it presumably was Plaintiffs' intention to bring the Iowa claim in Count II under the "Iowa Wage Payment Collection Law," which appears in Iowa Code § 91A.1 et seq., and which provides that when an employer intentionally fails to pay an employee wages, "the employer shall be liable to the employee for any wages ... so intentionally failed to be paid ... plus liquidated damages, court costs and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary." Iowa Code § 91A.8.

 Likewise, in Count III, Plaintiffs have asserted a claim pursuant for "Violation of Illinois Minimum Wage and Overtime Requirements," citing 820 Ill. Comp. Stat. § 105 et seq., the Illinois "Minimum Wage Law." Compl. ¶¶ 58–63. 820 Ill. Comp. Stat. § 115/1 et seq., however, is the Illinois "Wage Payment and Collection Act,"[3] which requires employers to pay employees all wages earned. In Count IX, Plaintiffs have asserted that Defendant violated the "Missouri Minimum Wage and Overtime Requirements," under Missouri Statutes § 290.500 et seq. Compl. ¶¶ 92–97. The wage collection statute, however, appears in Missouri Statutes § 290.010 et seq. And in Count XI, Plaintiffs assert

---

1. Many citations to state "minimum wage" laws still appear in the corresponding counts of Plaintiffs' Amended Complaint in *Jones,* despite numerous orders on the general subject. *See Jones,* Clerk's No. 221 (Am.Compl.).

2. As noted, the Court is unclear on Plaintiffs' position regarding overtime pay, i.e., whether Plaintiffs are only asserting overtime violations under the FLSA or whether Plaintiffs are attempting to assert overtime violations under the various applicable state laws. This confusion should highlight to Plaintiffs the need to formulate an appropriate Complaint, making clear to all involved the precise nature of each individual claim asserted. If, in fact, Plaintiffs do intend to assert overtime violations under the various state laws at issue, Plaintiffs must make that fact clear in each count where such overtime claims are asserted under state law.

3. Interestingly, Plaintiffs have raised a cause of action in Count IV of the Complaint (to which Defendant has not raised an objection) under the Illinois "Wage Payment and Collection Act," 820 Ill. Comp. Stat. § 115/1 et seq. It is unclear if Plaintiffs' claim under the "Minimum Wage Act," is merely duplicative of the claim in Count IV, given that Plaintiffs' have stated their intention not to assert any violation of any state's minimum wage laws.

violation of the "Nebraska Minimum Wage Requirements," under Nebraska Statute § 48–1201 et seq., the "Wage and Hour Act." Yet, the Nebraska "Wage Payment and Collection Act" appears at Nebraska Statute § 48–1228 et seq., and provides that an "employee having a claim for wages which are not paid within thirty days of the regular payday . . . may institute suit for such unpaid wages in the proper court." Neb.Rev.Stat. § 48–1231. Finally, in Count XII, Plaintiffs assert a claim for "Violation of South Dakota Minimum Wage Requirements," under South Dakota Codified Law § 60–11–3 et seq., which provides criminal penalties for an employer's failure to pay an appropriate minimum wage, and under § 60–11–4, which provides that an employee denied the "minimum wage" may recover "said minimum wage and costs." The obligation of an employer to pay all "wages due" to an employee, however, appears in South Dakota Codified Law § 60–11–9.

Given that Plaintiffs have no less than eight attorneys of record in this case, it is difficult for the Court to understand why they have failed to file a Complaint in this case, or in the *Jones* case, that clearly states their asserted causes of action.[4] It is likewise frustrating to the Court the degree of litigiousness that both parties have displayed in regard to an issue that, frankly, should have been resolved long ago. Indeed, while the Court recognizes that Plaintiffs "are not required to plead all theories of liability to withstand a motion to dismiss," Pls.' Resistance Br. at 8 n. 11, the inescapable fact is that the theories of liability *actually* asserted in the Com-

plaint are, by their very terms, assertions of state minimum wage and overtime violations. Though Plaintiffs insist it is not their intent to assert such claims, they have taken no steps to correct the language of the Complaint, even in the face of repeated motions and Court intervention on the issue in this case and in the nearly identical *Jones* case. And while Defendant is entirely within its rights to challenge claims actually asserted, the repeated challenges in the present case and in *Jones*, despite information that the formulation of the Complaint language was unintended, is disingenuous at best.

Given that Defendant is not challenging assertions of state "unpaid wage" violations in its present motion, the Court finds it would be a monumental waste of resources to undertake an FLSA preemption analysis, given the situation discussed *supra*. The proceedings before the Court are in their infancy, and Defendant will not be prejudiced by an amendment of the Complaint at this early stage. Indeed, this approach is far superior to dismissing the claims that Plaintiffs never intended to assert in the first instance, only to be confronted with a later Motion to Amend the Complaint to assert the intended claims by citing the proper factual and statutory authority. Accordingly, the Plaintiffs shall formulate, and submit to the presiding Magistrate Judge for approval, an Amended Complaint which *clearly* and *properly* states the claims that Plaintiffs are asserting and the statutory authority therefor. In their submission to the Magistrate Judge, Plaintiffs shall de-

---

4. While the Court understands that Plaintiffs' counsel are merely attempting to protect the various rights of their clients under both federal and state law, it is vital to clarify the nature and substance of the claims asserted, and to do so sooner rather than later. Indeed, the confusion that has surrounded the complaints in this litigation and in *Jones*, if not resolved, could end up leading to an unfortunate result for the entire Plaintiffs' class/collective, that is "The plaintiff[s'] multiplicity of claims against the defendant [may] backfire[ ], not only weakening but defeating some of [their] legitimate claims." *Montgomery v. John Deere*, 169 F.3d 556, 563 (8th Cir.1999) (Lay, J., concurring).

tail any and all changes, and the basis for those changes, in an attached document.[5] All claims for relief in the Amended Complaint [6] shall clearly state whether they are or are not seeking damages for the three types of wages at issue in the case: 1) minimum wages; 2) overtime wages; and 3) unpaid wages (which are neither minimum nor overtime wages). Plaintiffs are cautioned that, absent extraordinary circumstances, the Court will not again attempt to salvage the claims on the basis of unpled assertions made in motions, rather than in the Complaint itself. That is, if Defendant files a future motion to dismiss on the basis of the Amended Complaint, as the Amended Complaint is drafted, the Court will not entertain any argument from Plaintiffs that "the true intent" of the language of the Amended Complaint was to say something other that what the Amended Complaint *actually* says.

### B. *Failure to State a Claim*

1. *Count V (Violation of Illinois Rest and Meal Break Requirements ).*

■ In Count V of the Complaint, Plaintiffs allege that Defendant violated Illinois law by "failing to allow Plaintiffs and class members to take their allowed meal breaks." Compl. ¶ 74. 820 Ill. Comp. Stat. § 140/3 provides: "Every employer shall permit its employees who are to work for 7½ continuous hours or longer ... at least 20 minutes for a meal period beginning no later than 5 hours after the start of the work period." Section 140/8 provides: "Any employer who violates any of the provisions of this Act, shall be guilty of a petty offense, and shall be fined for each offense in a sum of not less that $25 nor more than $100." Furthermore, Section 140/6 provides: "The Director of Labor shall be charged with the duty of enforcing the provisions of this Act and prosecuting all violations thereof...."

This Court incorporates by reference its conclusion in the companion case of *Jones,* that the Illinois Rest and Meal Break Requirement statute does not provide for a private cause of action. *See Jones,* No. 4:07-cv-400, Clerk's No. 190 at 13–14. Accordingly, Plaintiffs' assertion of a violation of the Illinois statute fails to state a claim upon which relief may be granted, and the claim must be excised. Plaintiffs assert that, despite listing the Illinois claim as a separate Count in the Complaint, Plaintiffs "do not allege an independent state-law cause of action under this provision." Rather, Plaintiffs intended, as they apparently did on the Counts already discussed, to allege Illinois claims for unpaid wages and "made allegations concerning Defendant's failure to comply with [the statute] to demonstrate additional damages and justify injunctive relief for ... Casey's violation of Illinois wage law." Pls.' Resistance Br. at 19. Accordingly, when Plaintiffs file the Amended Complaint ordered *supra,* they shall move the factual assertions of Count V to the "factual background" section of the Amended Complaint, as was permitted on reconsideration in *Jones. See Jones,* Clerk's No. 213 at 9–10.

---

5. For example, if Plaintiffs intend to assert a claim in Count II under the "Iowa Wage Payment Collection Law," Iowa Code § 91A.1 et seq., rather than under the "Iowa Minimum Wage" law, Plaintiffs would make a clear statement in the attached document to the effect of: "Plaintiffs have changed the allegation in Count II to seek damages pursuant to Iowa Code § 91A.1 et seq., replacing the previous claim to damages under 'Title III–2–91D et seq.' "

6. The reference to "all claims" includes the FLSA claim, into which Plaintiff has injected some allegations regarding "minimum wages."

2. *Count VI (Violation of Indiana Minimum Wage and Overtime Requirements).*

■ In Count VI of the Complaint, Plaintiffs assert that they are "members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure." Compl. ¶ 77. Plaintiffs further assert that Defendant "violated Indiana Minimum Wage Act … by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week and taking indirect deductions from wages." *Id.* ¶ 80. The Complaint cites Indiana Code § 22–2–2–4, which requires employers to pay employees one and one-half times the regular rate for hours worked in excess of 40 per week, and § 22–2–2–9, which provides that "[a]ny employer who violates the provisions of section [22–2–2–4] of this chapter shall be liable to the employee or employees affected in the amount of their unpaid minimum wages and in an equal additional amount as liquidated damages." An action for damages may be brought "by any one (1) or more employees for and on behalf of himself or themselves and all other employees of the same employer who are similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

In *Jones,* this Court specifically found that the express language of § 22–2–2–9 precludes an action arising under § 22–2–2–4 from proceeding as a class action. *See Jones,* Clerk's No. 190 at 15–16. Accordingly, Count VI, as currently alleged in the Complaint, must be stricken. As was the case with Count V, however, despite the plain language of the Complaint and the lack of any citation therein to the Indiana Wage Payment statute, Plaintiffs assert that their action actually arises under § 22–2–4–4 and 22–2–5–2. Indiana Code § 22–2–4–4 provides:

> Every corporation, limited liability company, company, association, firm, or person who shall fail for ten (10) days after demand of payment has been made to pay employees for their labor, in conformity with the provisions of this chapter, shall be liable to such employee for the full value of his labor, to which shall be added a penalty of one dollar ($1) for each succeeding day, not exceeding double the amount of wages due, and a reasonable attorney's fee, to be recovered in a civil action and collectable without relief.

Indiana Code § 22–2–5–2 provides:

> Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 [7] of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

The Court concludes, as it did on reconsideration in *Jones,* that section 22–2–2–9 is not applicable to claims arising under

---

7. Section 1, as referenced in Indiana Code § 22–2–5–2 provides, in substance, that all employees shall be paid "the amount due the employee."

§§ 22–2–4–4 or 22–2–5–2, and there is no similar provision barring class actions in the relevant subsections related to §§ 22–2–4–4 or 22–2–5–2. *See Goodyear v. Estes Exp. Lines, Inc.*, No. 1:06–cv–863, 2008 WL 687130, at *1 (S.D.Ind. Mar.10, 2008) (discussing a class action lawsuit arising under Indiana Code § 22–2–5–1). Accordingly, in their Amended Complaint, Plaintiffs shall amend Count VI to assert the proper statutory basis for the claim. *See Jones*, Clerk's No. 213 at 11.

3. *Count VII (Violation of Kansas Minimum Wage and Overtime Requirements) and Count VIII (Violation of Kansas Record Keeping Requirements).*

■ In Count VII of the Complaint, Plaintiffs allege that "Defendant violated Kansas Statutes 44–1201 et seq. by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week and taking indirect deductions from wages." Compl. ¶ 86. In Count VIII of the Complaint, Plaintiffs allege that "Defendant violated Kansas Statutes section 44–1209 et seq., by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working for the Defendant." *Id.* ¶ 90.

Once again, the Court adopts and incorporates its prior consideration of these statutes in the *Jones* case. In *Jones*, the Court found that the statutes in question do " 'not apply to any employers and employees who are covered under the provisions of section 6 of the fair labor standards act of 1938 as amended (29 U.S.C.A. § 206), and as amended by the fair labor standards amendments of 1974 and any other acts amendatory thereof or supplemental thereto.' " *Jones*, Clerk's No. 190 at 17 (quoting Kan. Stat. Ann. § 44–1203(b)). Since both Plaintiffs and Defendant are "covered under the provisions of

section 6" of the FLSA, within the meaning of § 44–1203(b), the Court found that the corresponding counts, as asserted in *Jones*, failed to state a claim upon which relief may be granted. The Court reiterates that conclusion in the present case.

Once again, however, Plaintiffs concede that they have cited the incorrect statutory authority in the Complaint. Though Plaintiffs do not assert the proper statutory authority, the Court presumes it to be the same as was asserted in *Jones* on reconsideration, that is, Kansas Statutes §§ 44–324(a) and 44–314. Accordingly, as was the case in *Jones*, Plaintiffs shall amend Count VII (Violation of Kansas Minimum Wage and Overtime Requirements) to assert the proper statutory authority as the basis for the claim. *See Jones*, Clerk's No. 213 at 13–14.

With regard to Count VIII (Kansas Record Keeping Requirements), however, the Court reaffirmed on reconsideration in *Jones* its conclusion that the claim failed to state a claim upon which relief could be granted. The same reasoning in *Jones* is applicable in the present case, and Plaintiffs must, therefore, excise Count VIII in their Amended Complaint. *See Jones*, Clerk's No. 190 at 16–17; Clerk's No. 213 at 15.

4. *Count X (Violation of Missouri Record Keeping Requirements ).*

■ In Count X of the Complaint, Plaintiffs allege that "Defendant violated Missouri Revised Statutes section 290.520 by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working for the Defendant." Compl. ¶ 101. In considering the same claim in *Jones*, the Court found that § 290.520 did not provide for a private cause of action. *Jones*, Clerk's No. 190 at 19–20. The Court reaffirmed this conclusion on reconsideration, and rejected

the argument now asserted by Plaintiffs that § 290.527 supports the claim. *Jones,* Clerk's No. 213 at 17. As in *Jones,* therefore, Plaintiffs must excise Count X from the Complaint upon amendment, but may move the allegations in paragraphs 99[8] and 101,[9] verbatim, to the factual background section of the Amended Complaint to serve as factual allegations.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Clerk's No. 9) is DENIED. Plaintiffs are ordered to submit an Amended Complaint, drafted with precision and particularity, and complying with the terms of this Order, to the presiding Magistrate Judge for approval by June 6, 2008. Plaintiffs shall attach a document itemizing all changes in form and substance in the Amended Complaint and the reasons therefor. Should Defendant have further objections to the claims as submitted in the Amended Complaint, Defendant shall raise those claims in an appropriate dispositive motion after the Amended Complaint is filed, rather than in a resistance to the filing of the Amended Complaint in the first instance. The only resistance Defendant is permitted to make to the Amended Complaint is to the extent that the Amended Complaint does not comply with the terms of this Order. As the Court noted *supra,* it will review further dispositive motions on the plain language of the Amended Complaint, as filed, and will not entertain any assertions from Plaintiff, in pleadings or otherwise, that the Amended Complaint says something other than what is plainly discernible from the four corners of that document.

Finally, as the Court has indicated in footnotes throughout this Order, the same problems articulated in Section III.A above continue to plague the related *Jones* litigation.[10] Accordingly, the Court will incorporate this Order by reference in a text order in *Jones,* and hereby requires Plaintiffs to amend the Amended Complaint therein and file supporting documentation, consistent with the terms of this Order.

IT IS SO ORDERED.

---

**8.** Paragraph 99 states: "Missouri Revised Statutes [sic] 290.520 requires employers to keep a record of hours worked each day and each workweek by their employees for a period of three years."

**9.** Paragraph 101 states: "Defendant violated Missouri Revised Statutes [sic] section 290.520 by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working for Defendant."

**10.** The claims in *Jones* corresponding to Counts II, III, IX, XI, and XII in this case are virtually identical in form and substance.